# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ZECHARIAH FRY, an Illinois resident, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 1:25-cv-01020 |
| REBIZ, LLC, an Ohio limited liability company, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant ReBiz, LLC ("ReBiz"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1446, 28 U.S.C. § 1332(d), 28 U.S.C. § 1453(b), and 28 U.S.C. § 1441, *et seq.*, submits this Notice of Removal of this action from the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, where it is now pending, to the United States District Court for the Central District of Illinois. In support of this Notice of Removal, ReBiz states as follows:

## PROCEDURAL BACKGROUND

1.  On December 4, 2024, Plaintiff Zechariah Fry filed an original Complaint in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, captioned *Zechariah Fry, an Illinois resident, individually and as the representative of a class of similarly-situated persons v. ReBiz, LLC, an Ohio limited liability company*, Case No. 2024LA124. *See* Exhibit A, Complaint.[1]

2.  In his Complaint, Plaintiff alleges that ReBiz violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.* ("BIPA"), when its Datacam technology, located at Plaintiff's employment, allegedly deployed facial-recognition technology to collect and possess

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on ReBiz. *See* 28 U.S.C. § 1446(a).

Plaintiff's biometric identifiers and biometric information. (Ex. A, Complaint ¶¶ 26-29, 35-42, 65).[2]

3. Plaintiff asserts three causes of action under BIPA. He claims that ReBiz violated BIPA §§ 15(a) and (b) because, *inter alia*, it (1) failed to maintain a publicly-available retention and destruction policy for biometric data and (2) failed to obtain Plaintiff's informed, written consent prior to collecting his purported biometric data and informing him of the specific purpose and length of time of the collection, storage, and use. (Ex. A ¶¶ 77–78). Furthermore, the Complaint alleges a violation of BIPA § 15(d) when ReBiz failed to inform Plaintiff that it would share his biometrics to third parties without consent. (Ex. A at 16, ¶¶ 67–68).[3]

4. Plaintiff purports to state a claim for himself as well as for "similarly situated" individuals (Ex. A ¶ 72), and seeks to represent the following class:

> All individuals who from five years prior to the filing of this action to the present, had their biometric identifiers and/or biometric information, including facial geometry, scanned, collected, captured, received, possessed, and/or shared by Defendant.

(Ex. A ¶ 73).

5. According to the Complaint, there are at least 80 individuals in the class: at least 40 persons with whom he worked while employed and at least 40 persons to whom he made sales while employed. (Ex. A at 17–18, ¶ 74).

6. Plaintiff claims that ReBiz was "recklessly indifferent as to the requirements of BIPA, and therefore intentionally violated BIPA," and so on behalf of himself and the proposed

---

[2] ReBiz does not concede any violation of BIPA—negligent, reckless, or otherwise—or that class action treatment is appropriate or available in this lawsuit. Rebiz also does not concede that Plaintiff is entitled to recover any damages, much less damages per section of BIPA. These are simply removal-based factors that are met based on Plaintiff's unproven Complaint assertions. ReBiz reserves all counterclaims and defenses.
[3] At this point in the Complaint, the paragraphs are misnumbered. For purposes of clarity, any citation beyond paragraph 78 of page 16 will also cite the page number of the Complaint.

class members, he seeks "statutory damages of $5,000 for each intentional and/or reckless violation of" BIPA §§ 15(a), 15(b), and 15(d). (Ex. A at 21–25, ¶¶ 92–93, 104–105, ¶¶ 115–116).

7. In accordance with 28 U.S.C. §1446(a), attached within Exhibit A are copies of all process and pleadings that have been served upon ReBiz. (Ex. A).

8. Pursuant to 28 U.S.C. §1446(b)(1), ReBiz files this Notice of Removal within thirty days after the receipt by ReBiz, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. This Court has original jurisdiction over this matter under 28 U.S.C. §1332(d)(2) as it is a class action where members of the class are citizens of different states as ReBiz and in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## BASIS FOR REMOVAL – CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), because the putative class includes more than 100 members according to the Complaint, there is the necessary minimal diversity, and the matter in controversy exceeds $5 million. 28 U.S.C. §1332(d); *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). In addition, none of the exceptions to CAFA jurisdiction applies here.

### There are More than 100 Members of the Putative Class

10. This Court's original jurisdiction under CAFA does not extend to any class where the number of members of all proposed plaintiff classes, in the aggregate, is less than 100. 28 U.S.C. §1332(d)(5)(B).

11. Plaintiff alleges that there are at least 80 persons in the class. (Ex. A at 17, ¶ 74). According to the records of ReBiz, however, there at least 334 individuals at issue. (Ex. B, Declaration of Chris Hogan, ¶ 8). At the retail location in Moline, Illinois—the location of Plaintiff's employment—ReBiz notes that, within the five years prior to the filing of the

Complaint, it observed at least 334 individuals at the retail location. (Ex. B ¶ 8). Thus, as alleged, the 100-person requirement is satisfied. 28 U.S.C. §1332(d)(5)(B).

## There is Minimal Diversity Under 28 U.S.C. §1332(d)(2)(A)

12. Under 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of all civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

13. This action satisfies the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

14. According to the Complaint, Plaintiff Zechariah Fry is a resident of the state of Illinois. (Ex. A ¶ 7). As such, Plaintiff is a citizen of Illinois.

15. ReBiz is a Ohio limited liability company with its principal place of business in Cleveland, Ohio. (Ex. B ¶ 4; Ex. A ¶ 8).

16. For the purposes of diversity jurisdiction under CAFA, an unincorporated entity such as an LLC is a citizen of the state where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. §1332(d)(10); *accord City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (confirming consensus across circuits).

17. As such, ReBiz is a citizen of Ohio.

18. This action satisfies the minimal diversity of citizenship requirement set forth in 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of Illinois, which is different from the citizenship of ReBiz, a citizen of Ohio.

**The Matter in Controversy Exceeds $5,000,000**

19.     This action satisfies the matter in controversy requirement of 28 U.S.C. § 1332(d)(2). CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

20.     Plaintiff seeks statutory damages of $5,000 for each intentional violation of BIPA. (Ex. A at 21–25, ¶¶ 92–93, 104–105, ¶¶ 115–116). Furthermore, Plaintiff asserts three causes of action under BIPA. (Ex. A at 21–25).

21.     As noted in the attached Declaration, there are potentially at least 334 individuals who fit within Plaintiff's purported class definition. (Ex. B ¶ 8).

22.     Assuming each individual is asserting three BIPA violations, a putative class of 334 would yield a maximum amount in controversy in excess of the jurisdictional prerequisite (334 x $15,000 for three asserted BIPA violations = $5,010,000).

23.     Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

24.     As a result, while ReBiz disputes the allegations in the Complaint, they are accepted for purposes of determining the matter in controversy, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### None of the Exceptions to CAFA Jurisdiction Applies

25. Even where the other elements are met, the provisions of CAFA allow for certain narrow exceptions where a district court "shall decline to exercise jurisdiction." 28 U.S.C. §1332(d)(4). However, this matter does not meet the criteria of either the "local controversy" exception under 28 U.S.C. §1332(d)(4)(A) or the "home state" exception under 28 U.S.C. §1332(d)(4)(B).

26. ReBiz is not a citizen of Illinois. Therefore, one of the necessary elements of the "local controversy" exception—that at least one defendant is a citizen of the State in which the action was originally filed—cannot be met. 28 U.S.C. §1332(d)(4)(A)(i)(II)(cc).

27. Similarly, because ReBiz is not a citizen of Illinois, no "primary defendant" is a citizen of Illinois. Therefore, the necessary elements of the "home state" exception—that "the primary defendants, are citizens of the State in which the action was originally filed"—cannot be met. 28 U.S.C. §1332(d)(4)(B).

### This Notice of Removal is Timely

28. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

29. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

30. In addition, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

31. ReBiz was served with the Complaint on December 20, 2024, and this Notice of Removal is filed within 30 days after service of the Complaint on ReBiz. (Ex. B ¶ 6; *see also* Ex.

C, Affidavit of Service).

32.  Written notice of the filing of this Notice of Removal has been served upon Plaintiff's counsel. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Rock Island County, Illinois.

Dated: January 17, 2025              Respectfully submitted,

                                     By:  /s/ Melissa A. Siebert
                                          One of the Attorneys for
                                          ReBiz, LLC

Melissa A. Siebert (6210154)
COZEN O'CONNOR
123 N. Wacker Drive Suite 1800
Chicago, IL 60606
(312) 474-7900
msiebert@cozen.com

7

**CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, hereby certify that on January 17, 2025, I caused to be served a true and correct copy of the foregoing **Notice of Removal** upon the following counsel via email:

Jordan Richards
Patrick J. Solberg
Jordan Richards, PLLC
1800 SE 10th Avenue, Suite 205
Fort Lauderdale, Florida 33316
jordan@jordanrichardspllc.com
patrick@usaemploymentlawyers.com

                         _/s/ Melissa A. Siebert_