UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ZECHARIAH FRY, an Illinois resident, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> REBIZ, LLC, an Ohio limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:25-cv-01020-SLD-RLH |

# ORDER

Plaintiff Zechariah Fry asserts that Defendant ReBiz, LLC ("ReBiz") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1–99. *See generally* Compl., Not. Removal Ex. A, ECF No. 1-1 at 6–32. ReBiz has filed a Motion to Dismiss, ECF No. 6, asserting in relevant part that Fry lacks standing to maintain his claims, *see* Redacted Mem. Supp. Mot. Dismiss 3–6, ECF No. 6-1. In lieu of a direct response, Fry has requested that the Court order the parties to conduct jurisdictional discovery and to stay briefing on ReBiz's Motion to Dismiss. Redacted Mot. Stay Briefing & Conduct Disc. 1, ECF No. 20.

Pending before the Court are Fry's unredacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery, ECF No. 12; unredacted Motion for Leave to File Reply, ECF No. 17 at 1–4; Redacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery; and Redacted Motion for Leave to File Reply, ECF No. 21 at 1–4; as well as ReBiz's Motion to Dismiss, ECF No. 6, and Unopposed Motion for Leave to File Out of Time Defendant's Opposition to

1

Plaintiff's Motion for Leave to Reply, ECF No. 19.[1] For the reasons that follow: (1) the unredacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery and unredacted Motion for Leave to File Reply are TERMINATED as pending motions; (2) the Redacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery is DENIED; and (3) the Redacted Motion for Leave to File Reply and the Unopposed Motion for Leave to File Out of Time Defendant's Opposition to Plaintiff's Motion for Leave to Reply are MOOT.

## BACKGROUND[2]

ReBiz is an unincorporated association, specifically a limited liability company, headquartered in Ohio. ReBiz provides "management tools and software to gain insight on customer traffic, sales conversion, employee tracking, fraud prevention, and compliance for several businesses in the retail industry." Compl. ¶ 16. At issue is ReBiz's proprietary Datacam product.[3] Most basically, Fry alleges that Datacam uses videos and images from clients' retail stores to monitor interactions between the client's employees and customers. For example, Datacam can tell a client how many minutes elapsed between when a customer entered the client's store and when that customer was assisted by an employee.

Fry is a citizen of Illinois who was employed by Arch Telecom, Inc. ("ATI") beginning in October 2022 as a sales representative in Moline, Illinois. ATI is an authorized and preferred

---

[1] The Court granted ReBiz leave to file an affidavit from its president, Chris Hogan, under seal because it extensively discussed ReBiz's non-public business information. *See* Apr. 29, 2025 Text Order. Fry similarly sought leave to submit filings discussing Hogan's affidavit under seal, which the Court granted only in part because Fry had not submitted redacted versions of his filings. *See id.* ("The Court does not find that good cause exists to justify the whole-cloth sealing of [Fry]'s filings."). Fry complied with the Court's direction to file redacted versions of the relevant filings. Therefore, the Court does not consider the unredacted versions.
[2] Unless otherwise noted, the following allegations are drawn from Fry's Complaint. These allegations are recited solely to provide context for the parties' motions and arguments regarding the need for jurisdictional discovery.
[3] The parties dispute Datacam's exact method of operation but resolving those disputes is beyond the scope of this Order.

national retailer for the telecommunications company T-Mobile. ATI contracted with ReBiz to utilize ReBiz's Datacam technology, which ReBiz installed and implemented at ATI's store in Moline. ATI customers, but not ATI employees, were asked by T-Mobile to consent to the collection and usage of their biometric data.[4] Around the beginning of his employment, "ATI required [Fry] to upload a 'clear' photograph of himself that did not contain any filters." *Id.* ¶ 50. Fry was never asked for, nor did he provide, his consent to allow ReBiz to collect, store, or use his biometric data. About a year into his employment, Fry approached one of his managers to express his concerns about biometric data collection via Datacam. That manager "confirmed that [ReBiz], in fact, was obtaining biometric information from employees and customers through Datacam but [Fry]'s manager claimed that ATI was not responsible for any actions taken by [ReBiz]." *Id.* ¶ 64.

Fry filed suit in Illinois state court on December 4, 2024, asserting claims on behalf of himself and a putative class of "[a]ll individuals who from five years prior to the filing of this action to the present, had their biometric identifiers and/or biometric information, including facial geometry, scanned, collected, captured, received, possessed, and/or shared by [ReBiz]." *Id.* ¶ 73. All of Fry's claims arise under BIPA, which regulates the retention, collection, disclosure, and destruction of biometric data. *See* 740 ILCS 14/15. Fry asserts three claims: (1) ReBiz failed to establish, maintain, and comply with a publicly available policy regarding the retention and deletion of biometric data in violation of section 15(a); (2) ReBiz failed to adequately inform and receive a "written release" from Fry and the Class prior to collecting, capturing, purchasing, receiving through trade, or otherwise obtaining those persons' biometric data in violation of section 15(b); and (3) ReBiz, being in possession of biometric data,

---

[4] The Court uses "biometric data" to refer to both "biometric identifier" and "biometric information." *See* 740 ILCS 14/10 (defining "biometric identifier" and "biometric information").

disclosed, redisclosed, or otherwise disseminated Fry and the Class's biometric data without consent in violation of section 15(d).  Compl. ¶¶ 80–116.

ReBiz was served on December 20, 2024, Aff. Service, Not. Removal Ex. C, ECF No. 1-3, and timely removed to this Court on January 17, 2025, see Not. Removal ¶¶ 28–31, ECF No. 1 (citing 28 U.S.C. § 1446(b)).  ReBiz invoked the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), asserting that the parties are minimally diverse,[5] the proposed class contains at least 100 members, the amount in controversy exceeds $5 million, and that none of CAFA's exceptions apply.  Not. Removal ¶¶ 9–27.  In lieu of an answer, ReBiz filed a Motion to Dismiss which asserts seven grounds for dismissal.  *E.g.*, Redacted Mem. Supp. Mot. Dismiss 2–3.  ReBiz also filed an affidavit from its president, Chris Hogan, in support of the Motion to Dismiss which detailed some aspects of Datacam's operation.  *See generally* Hogan Aff., ECF No. 8.

As relevant to the pending motions, ReBiz asserts that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Fry lacks standing.  Redacted Mem. Supp. Mot. Dismiss 3–6.  Fry counters that jurisdictional discovery is necessary to address ReBiz's factual challenge to his standing and that a stay on briefing the Motion to Dismiss is warranted.  Redacted Mem. Supp. Mot. Stay Briefing & Conduct Disc. 1–2, 4–6, ECF No. 20-1.  ReBiz opposes Fry's motion.  *See generally* Redacted Opp. Mot. Stay Briefing & Conduct Disc., ECF No. 14.  Fry seeks the Court's leave to file a reply to ReBiz's response.  *See generally* Redacted Mot. Leave File Reply.  Because its filing was made out of time, ReBiz seeks the

---

[5] For purposes of minimal diversity under CAFA, an unincorporated association like an LLC is "treated like a corporation under § 1332(c)(1)," meaning that it is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *City of East St. Louis v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (quoting 28 U.S.C. § 1332(d)(10)).  ReBiz asserts that it "is a[n] Ohio limited liability company with its principal place of business in Cleveland, Ohio."  Not. Removal ¶ 15.  Therefore, ReBiz's representations satisfy CAFA's requirement of minimal diversity because this case is between citizens of Illinois and Ohio.

4

Court's leave to file a response opposing Fry's request for leave to file his reply. *See generally* Unopposed Mot. Leave File Untimely Opp.

## DISCUSSION

"Article III of the Constitution confines the federal judicial power to 'Cases' and 'Controversies.' Under Article III, a case or controversy can exist only if a plaintiff has standing to sue . . . ." *United States v. Texas*, 599 U.S. 670, 675 (2023). Standing requires showing three components: (1) "an injury in fact that is concrete, particularized, and actual or imminent"; (2) "the injury was likely caused by the defendant"; and (3) "the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Standing is a component of a federal court's subject matter jurisdiction—without it, the federal court lacks jurisdiction over the party's claim. *Id.* "[I]f the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quotation marks omitted). Courts possess the authority to require parties to respond to discovery requests relevant to issues of jurisdiction. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018).

"[T]he party invoking the federal court's jurisdiction[] bears the burden of establishing her standing to sue." *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022). This obligation extends to putative class action cases which are removed to federal court under CAFA as the removing party "bear[s] the burden of establishing that 'all elements of jurisdiction—including Article III standing—existed at the time of removal.'" *Dixon v. Wash. & Jane Smith Cmty.—Beverly*, No. 17 C 8033, 2018 WL 2445292, at *3 (N.D. Ill. May 31, 2018)

5

(quoting *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (per curiam)). "If, after a case has been removed to federal court, it appears that the federal district court lacks subject matter jurisdiction, it must remand the case to state court." *Id.* (citing 28 U.S.C. § 1447(c)).

Despite invoking CAFA to remove this case to federal court, thereby representing that this Court had subject matter jurisdiction over the case, *see* Not. Removal ¶¶ 9–27, ReBiz now asserts that the Court in fact does not have subject matter jurisdiction because Fry lacks standing, *see* Redacted Mem. Supp. Mot. Dismiss 3–6. Relying on Hogan's affidavit, ReBiz asserts that Datacam did not scan Fry's facial geometry while he was employed at ATI. *Id.* at 5–6 (citing Hogan Aff. ¶ 6). Accordingly, ReBiz argues that "there is no BIPA-related injury-in-fact that can be fairly traceable to ReBiz's actions." *Id.* at 5. Fry responds that he should be entitled to conduct "limited discovery to assess the validity" of ReBiz's assertions. Redacted Mem. Supp. Mot. Stay Briefing & Conduct Disc. 4–5. Fry alleges that ReBiz "uses facial recognition software with its Datacam." *Id.* at 5; *see also* Compl. ¶¶ 20–25, 63–64 (alleging ReBiz used facial recognition technology to capture biometric data). He argues that these allegations constitute a *prima facie* showing of his injury-in-fact, thereby entitling him to "investigate the disparities between [his] allegations and Hogan's statements through limited discovery prior to responding to the motion to dismiss." Redacted Mem. Supp. Mot. Stay Briefing & Conduct Disc. 5 (citing *Woodard v. Quote Storm Holdings, LLC*, No. 23 C 55, 2023 WL 3627719, at *3 (N.D. Ill. May 24, 2023)).

Neither party discusses the contradiction inherent in ReBiz's representations. ReBiz asserts that "[a]s '[t]he party invoking federal jurisdiction,' [Fry] 'bears the burden of establishing the elements of standing,'" Redacted Mem. Supp. Mot. Dismiss 4 (quoting *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (second alteration in original)),

but ignores that *it* is the party invoking the Court's jurisdiction, such that it bears the burden of establishing subject matter jurisdiction, not Fry, *see Pierre*, 29 F.4th at 939. Arguably, ReBiz has contradicted its earlier representation in its Notice of Removal that removal was appropriate because this Court has subject matter jurisdiction under CAFA, necessitating either remand or dismissal.[6]

In any event, ReBiz's standing argument is intertwined with the merits of Fry's BIPA claims. Where the determination of standing is "intertwined with the merits of the case," courts are permitted to postpone the determination of standing. *Markle v. Drummond Advisors, LLC*, No. 19-CV-2789, 2020 WL 777272, at *3 (N.D. Ill. Feb. 18, 2020); *accord Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[I]n some cases the jurisdictional issue will be so bound up with the merits that a full trial on the merits may be necessary to resolve the issue."); *Int'l Bhd. of Boilermakers Loc. 1 v. Kirk & Blum Mfg. Co.*, No. 09 C 2014, 2010 WL 11655414, at *2 (N.D. Ill. Feb. 25, 2010); 5B *Wright & Miller's Federal Practice & Procedure* § 1350 (4th ed. 2025) ("[R]esolving factual challenges to subject matter jurisdiction should only be resolved on a motion under Rule 12(b)(1) if the facts necessary to assess jurisdiction do not implicate the merits . . . ."). For example, in the BIPA context, a technology company advanced a Rule 12(b)(1) factual challenge to the users' standing by submitting "its user agreement and data policy, deposition excerpts and other extrinsic evidence to contend that BIPA's notice and

---

[6] Some courts find that remand is appropriate when a removing party calls into question a federal court's subject matter jurisdiction post-removal. For example, a defendant filed a 12(b)(1) motion, withdrew that motion, and then argued in opposition to the plaintiff's motion to remand that the issue of Article III standing could be addressed at a later point in the case. *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 837–38 (N.D. Ill. 2017). The court granted the plaintiff's motion to remand without resolving whether the plaintiff in fact lacked standing because the defendant, as the removing party, had "fail[ed] to persuade the [c]ourt that federal jurisdiction exist[ed]." *Id.* at 839–40. In the absence of a motion to remand from the non-removing party, other courts have declined to "forge ahead and sua sponte resolve the issue of standing before reaching the merits of the pending [m]otion to [d]ismiss, without further briefing from the parties." *Miller v. Syracuse Univ.*, No. 5:21-CV-1073 (LEK/TWD), 2022 WL 7505177, at *3–4 (N.D.N.Y. Oct. 13, 2022). The Court hews closer to the approach in *Miller* by directing the parties to fully brief the pending Motion to Dismiss.

consent requirements were actually satisfied." *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 951–52, 956 (N.D. Cal. 2018). The court expressed no view on whether this argument was correct, instead finding "that notice and consent [we]re inextricably intertwined with the merits of [the] plaintiffs' claims" such that those "dispositive disputes on the merits should be decided on summary judgment or at trial, and not in the Rule 12(b)(1) jurisdictional context." *Id.* at 956. The same conclusion is warranted here—ReBiz's assertion that Fry lacks standing is intertwined with the merits of Fry's BIPA claims, such that dismissal on that basis would be inappropriate at this stage of the case.

## CONCLUSION

Accordingly, ReBiz's Motion to Dismiss, ECF No. 6, is DENIED to the extent that it asserts that dismissal is appropriate due to a lack of standing, and the Redacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery, ECF No. 20, is DENIED. The unredacted Motion to Stay Briefing on Defendant's Motion to Dismiss in Order to Conduct Jurisdictional Discovery, ECF No. 12, and unredacted Motion for Leave to File Reply, ECF No. 17 are TERMINATED as pending motions. The Court finds it unnecessary to consider any briefing beyond ReBiz's opposition to jurisdictional discovery, so the Redacted Motion for Leave to File Reply, ECF No. 21, and the Unopposed Motion for Leave to File Out of Time Defendant's Opposition to Plaintiff's Motion for Leave to Reply, ECF No. 19, are MOOT. Fry's response to the remainder of ReBiz's Motion to Dismiss is due by July 15, 2025.

Entered this 1st day of July, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
